UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08-20365 |
| Plaintiff, | Judge Thomas L. Ludington |
| v. | Offense: 15 U.S.C. § 2614(1)(C) and §2615(b) |
| HSKM, INC, f/k/a/ HOSKINS MANUFACTURING COMPANY, | Maximum Penalty: 5 years probation |
| Defendant. | Maximum Fine: $200,000, $25,000 per day of violation or twice the gain/loss, whichever is greater per 18 U.S.C. §3571(c) and (d) |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant HSKM, Inc., formerly known as Hoskins Manufacturing Company, by and through its authorized representatives, and the government agree as follows:

### 1. GUILTY PLEA

#### A. Count of Conviction

HSKM, Inc., formerly known as Hoskins Manufacturing Company, will enter a plea of guilty to the one count information, which charges a violation of the Toxic Substance Control Act.

**B.     Elements of Offense**

The elements of the offense are that between November of 2002 and September 17, 2003, HSKM, Inc., (1) failed to comply with a rule promulgated under 15 U.S.C. §2605(e)(1)(A), which in this case was the requirement that items containing more than 500 parts per million of PCBs, including transformers, be disposed of by incineration in an approved incinerator or placement in an approved chemical waste landfill, and (2) the defendant did so knowingly.

**C.     Stipulations**

The following facts are agreed to by the parties:

1.     The defendant is guilty of the charge stated in the information.

2.     The parties stipulate that the transformers referenced in the information were not leaking PCBs.

3.     The defendant abandoned its facilities in Charlevoix, Mio and Hamburg, Michigan, without giving notice to federal authorities of its abandonment of the hazardous and toxic substances in those facilities. The U.S. Environmental Protection Agency (EPA) Superfund conducted emergency response actions at each of those Michigan locations. These facts are part of the defendant's offense of conviction for sentencing purposes. USSG §8A1.2, comment. (n. 3(a)).

4. Had the defendant been an individual, the defendant's guideline score would have been computed under USSG §2Q1.2 and would have included assessments for specific offense characteristics found in USSG §2Q1.2(b)(1)(A), (b)(3), and (b)(4).

5. Because the defendant is a corporation, the applicable federal sentencing guidelines are found in Chapter 8 of the sentencing guidelines manual.

6. The defendant shall be sentenced to a term of probation for one year under USSG §8B1.1(a)(2), and shall be subject to the conditions discussed in this plea agreement.

7. As a condition of probation, the defendant shall pay, or shall cause to be paid on its behalf, restitution to the EPA Superfund in the amount of $1.7 million, which is less than the loss caused to the public by the defendant's offense conduct. USSG §8A1.2, comment. (n. 3(a)), and 18 U.S.C. §3571(c) and (d). The stipulated restitution of $1.7 million shall not be tax deductible in any way, nor shall the restitution obligation be dischargeable in bankruptcy. (USSG §8C2.1, comment. (backg'd) and §8C2.10). However, the defendant reserves the right to assert to the EPA's civil enforcement component that the restitution paid to Superfund pursuant to this agreement is a set-off against any civil liability owed by the defendant to the EPA for Superfund response at the three former HSKM, Inc.,

sites in Michigan. The restitution shall be paid directly to the EPA Superfund using the payment method which will be specified by EPA to the defendant's federal probation officer. The restitution payment may be made at any time during the defendant's probation. The defendant shall provide proof of payment to the defendant's federal probation officer and the U.S. Attorney's Office for the Eastern District of Michigan.

8. James Musser, president of HSKM, Inc., when the corporation committed its offense, shall be placed on pretrial diversion in Eastern District of Michigan case number 06-20658 at or about the time that the corporation enters its guilty plea. Upon successful completion of pretrial diversion, and the corporation's successful completion of the conditions of the terms of this agreement, the indictment against Mr. Musser shall be dismissed with prejudice.

9. The probation officer assigned to this case shall be authorized to petition the court for early termination of the corporation's sentence of probation when the defendant has satisfied the restitution, special assessment, and publication requirements which are conditions of probation as detailed below. James Musser shall be the probation officer's point of contact for the purpose of monitoring compliance by the corporation with those conditions of probation. The parties contemplate that the corporation's probation shall be unsupervised in other respects.

2.  **SENTENCING GUIDELINES**

    A.  **Standard of Proof**

    The Court will find sentencing factors by a preponderance of the evidence.

    B.  **Agreed Guideline Range**

    There are no sentencing guideline disputes. The parties' stipulations regarding the federal sentencing guidelines are contained in this Rule 11 plea agreement. The government submits that grounds for an upward departure would have been available for consideration based on the defendant's conduct in Indiana. USSG §2Q1.2, comment. (n. 9(A)). However, the government is not seeking an upward departure in this case.

3.  **SENTENCE**

    The Court will impose a sentence pursuant to 18 U.S.C. §§3553 and 3572, and in doing so must consider the sentencing guidelines range found in Chapter 8.

    A.  **Probation**

    The parties agree that an appropriate disposition of the case consists of a term of organizational probation for a period of one (1) year pursuant to USSG §§8D1.1 and 8D1.2(a)(2). The terms of probation shall include:

    (1) HSKM, Inc., agrees that it shall not commit any future nor additional violations of federal, state, or local law, or implementing regulations.

(2) HSKM, Inc., shall, within 10 business days of sentencing and at its own cost, make a public apology for its abandonment of hazardous waste at its facilities in Charlevoix, Mio, and Hamburg, Michigan, in *The Oscoda Press*, *The Citizen-Journal*, *The Detroit News*, and in a trade journal relevant to HSKM, Inc.'s former business which is chosen by the defendant and approved by the Court and the EPA. USSG §8D1.4(a). The apology shall be made subject to Rule 410(3) of the Federal Rules of Evidence, sized to fit a quarter page in each publication, and shall state as follows:

> HSKM, Inc., formerly known as Hoskins Manufacturing Company, recently pled guilty to a violation of the federal Toxic Substances Control Act in U.S. District Court in Bay City, Michigan. As a factual basis for HSKM's guilty plea, James G. Musser, president of HSKM, Inc., acknowledged that HSKM improperly disposed of PCB-containing transformers by abandoning the transformers at its facility in Hamburg, Michigan. The Court sentenced HSKM, Inc., to one year of probation, ordered the company to pay $1.7 million in restitution to the U.S. EPA Superfund, and required the company to publish this apology for its conduct. The charge stemmed from HSKM's abandonment of its facilities in Charlevoix, Mio and Hamburg, Michigan, in which HSKM left behind toxic and hazardous substances without notifying the appropriate regulatory authorities. The EPA Superfund subsequently conducted emergency response actions at each of HSKM's three Michigan sites, and incurred significantly greater costs in those responses due to the lack of notice by HSKM, Inc.
>
> HSKM assures the public that similar offenses will not be committed by the defendant. HSKM cautions others not to generate wastes without providing for the proper disposal of those wastes. HSKM warns against exposing the public to unnecessary risks and

clean-up costs which can be avoided by giving notice to federal and state environmental authorities whenever a facility is closed or abandoned. The company also encourages others with knowledge of environmental crimes to contact www.epa.gov/tips to share that information, or, if the matter is an emergency, call 1-(800)424-8802.

(3) The defendant shall comply with all of its obligations detailed in this plea agreement during the period of probation.

### B. Special Assessment

Defendant will pay a special assessment of $125 and must provide the government with a receipt for the payment before sentence is imposed. USSG §8E1.1, comment. (n.2(B)).

### C. Fine

The Court shall not impose a fine in excess of the $1.7 million in restitution to be paid to the EPA Superfund, and the special assessment to be paid to the Court, to which the parties have stipulated.

### D. Restitution

The Court shall order the defendant to pay restitution to the EPA Superfund in the amount of $1.7 million ($1,700,000) as a condition of probation.

### 4. OTHER CHARGES

If the Court accepts this agreement, the U.S. Attorney's Office for the Eastern District of Michigan will not bring additional federal criminal

-7-

environmental charges against the defendant, nor the defendant's past or present officers, directors, shareholders, agents or employees, based on any of the offense conduct known to the government at this time to have been committed by the defendant, its past or present officers, directors, shareholders, agents or employees, in connection with the abandonment of the defendant's Charlevoix, Mio and Hamburg, Michigan facilities.

## 5. STATEMENT OF CORPORATE AUTHORITY

As agent for and president of HKSM, Inc., formerly known as Hoskins Manufacturing Company, James Musser certifies that he is the highest ranking officer of the corporation and that he is authorized to enter into this plea agreement, and enter a guilty plea to the information, on behalf of HSKM, Inc., On behalf of the corporation, Mr. Musser states that the corporation is satisfied with the advice provided to the corporation by Christopher Andreoff. Mr. Musser further certifies that he is personally and separately represented by David Griem regarding the pending indictment in Eastern District of Michigan case number 06-20658. Mr. Musser submits that the negotiated disposition of the case against him, and the case against the corporation, is advantageous to the defendants in both cases.

## 6. EACH PARTY'S RIGHT TO WITHDRAW FROM AGREEMENT

The government may withdraw from this agreement if the Court rejects or

modifies the terms of this plea agreement without the consent of the parties, if James Musser violates the terms of his agreement with the government, or if the defendant breaches its obligations under this plea agreement and resulting sentence. If the government withdraws from this plea agreement, the pretrial diversion agreement with James Musser will also be terminated, and the prosecution of Mr. Musser pursuant to the indictment in Eastern District of Michigan case number 06-20658 will be resumed.

The defendant may withdraw from this agreement, and may withdraw its guilty plea, if the Court decides to reject or modify the terms of this plea agreement without the consent of the parties, or to impose a sentence higher than the maximum allowed under the agreement between the parties. These are the only reasons for which the defendant may withdraw from this agreement. The Court shall advise the defendant that if it does not withdraw its guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by the agreement between the parties.

7. **APPEAL WAIVER**

Each party retains its right to directly appeal the fine or restitution component of the sentence imposed if the Court deviates from the agreement between the defendant and the government regarding the defendant's fine and

restitution obligations stated above. The defendant waives any right to appeal or collaterally attack its conviction on other grounds.

## 8. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION

If the defendant is allowed to withdraw its guilty plea, or if its conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate the charges against James Musser that were dismissed as part of this agreement.

## 9. PARTIES TO PLEA AGREEMENT

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10. SCOPE OF PLEA AGREEMENT

This agreement is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against

defendant, or any forfeiture claim against any property, by the United States or any other party.

## 11. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on April 28, 2008. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

STEPHEN J. MURPHY
United States Attorney

For
Barbara Colby Tanase (P38539)
Assistant U.S. Attorney
Chief, Bay City Branch

Janet L. Parker (P34931)
Assistant U.S. Attorney

Date: July 1, 2008

By signing below, defendant acknowledges that its corporate officer has read this entire plea agreement, understands it, and agrees to its terms on behalf of the corporation. The defendant also acknowledges it is satisfied with its attorney's advice and representation. Defendant agrees that it has had a full and complete opportunity to confer with its lawyer before authorizing its representative corporate officer to sign this agreement.

Christopher Andreoff
Attorney for HSKM, Inc., defendant

James G. Musser, authorized corporate officer for the defendant, HSKM, Inc.,

Date: 5/27/08, 2008